## JOHN W. MYERS vs. JAMES A. EASTERWOOD.

SUPREME COURT, AUSTIN, TERM, 1883.

1. *Practice—Arbitration.*—Where, upon the face of the agreement itself, it is apparent that it was the intention of the parties to the controversy to submit the matters of difference to arbitration in such manner that they would be definitely settled, and enforcible by the courts, such intention must be held to exist; notwithstanding it may be inferrable from some of the recitals under agreement that the intention was to arbitrate under the statute, which was done. See this case in illustration.

2. *Same—Specific Performance.*—That a bill will lie for the specific performance of an award, is not a question open to dispute.

3. *Arbitration.—Real Estate* is as legitimately the subject matter of arbitration as any other species of property.

4. *Charge of the Court—Practice.*—Where, in a proceeding upon an arbitrator's award, it appears that the case was disposed of in accordance with the award, it is immaterial that the court erred in its charge to the jury; provided such error did not prejudice the rights of the appellant.

Appeal from Johnson County.

*A. Bradshaw, Poindexter and Padelford,* for appellent.

*Davis, Otis and Bledsoe,* for appellee.

Opinion by Stayton.

There are some things in the agreement of the parties to arbitrate which indicate that it was their intention to arbitrate under the statute; but as the arbitration cannot be sustained as one under the statute, for the reason that the matter was submitted to one sole arbitrator, while the statute provides for two, and in case of their disagreement for an umpire, yet we are of the opinion that the parties must be held to have intended that such an arbitration should be made as would effectually settle the matter of difference between them, and as should be enforcible by the courts.

In other words they must be held to have known that their agreement was not ground for an arbitration under the statute; held to

have known that the law applicable to their agreement should have effect, which can be given to it only by considering it as an arbitration and award good at law, and without reference to the statute.

We do not propose to enter into an extended consideration of the vexed question as to whether an arbitration intended by the parties to be under the statute, but for some reason not carried out in accordance with the statute, should be enforced as a common law arbitration and award. The authorities upon this question are coflicting.

In this case it appears that there was a controversy; a suit actually pending between them in regard to the ownership of the land in question, and that by an instrument in writing they each agreed to leave their respective rights to the determination of one man in whose integrity they both had confidence, and with whose award they agreed to abide and comply.

If the parties had, in settlement of their contested claims to the land, made a written agreement that the land should be divided between them, just as the arbitrator said that it should be done, and that they would make the proper conveyances to perfect their respective titles, no court would have refused to enforce such an agreement, if fairly made.

Such an agreement, would be sustained by a valuable consideration, and in its spirit, such as the courts would commend.

The award of the arbitrator is substantially the agreement of the parties, for they each empowered the arbitrator to ascertain and declare the terms of the agreement, and by his award, when fairly made, they ought to be as much bound as though they had made an agreement directly between themselves embracing the terms of the award.

In 1 Swanst 54, it is said by the Lord Chancellor, "That a bill will lie for the specific performance of an award, is clear, because the award supposes an agreement between the parties, and contains no more than the terms of that agreement ascertained by a third person; and then the bill calls only for a specific performance of an agreement in another shape."

In Jones vs. Boston Mill Corporation 4 Pick., 515, Parker C. J., thus forcibly expresses the rule and reason, "These latter cases put the subject on its true footing, that is, the specific performance of a contract in writing, for the submission is the agreement. It is virtually a contract to do what is awarded, and there does not seem to be any reason why it is not as much the subject of equity power, as if

the contract were complete without the interference of an arbitrator. We have no doubt, that where the award is to do a specific thing in relation to real estate, pursuant to the agreement of the parties in writing, the award being rated in law, it is subject to the equity jurisdiction of this court, within the letter of the statute, without any subsequent express or implied."

Penniman vs. Rodman 113 Metcalf 384; McNeil vs. Magee, et, al., 5 Mason 256.

If the agreement to arbitrate had empowered the arbitrator to execute to the respective parties such deeds as might be necessary to carry out his award,and he had done so,acting in all things fairly,such conveyance would have been valid, and why ? Simply because the parties had so agreed, and had given him the power; and yet, his power to execute deeds could not be exercised until under the power conferred upon him by the parties he had first determined their respective rights.

To that determination the arbitrator in this case came and the courts have full power to, and ought to give full effect to the agreement of the parties thus practically reached, that agreement being sustained by a valuable consideration.

It is claimed that real estate cannot be made the subject matter of arbitration.

This question is well settled to the contrary. Morse on Arbitration 54.

The agreement of the parties and the award were in writing, and satisfy the statute of frauds.

It is evident from the charge of the court, and the verdict and judgment, that the case was disposed of in accordance with the award of the arbitrator, and although the court in effect instructed the jury if they did not find for the plaintiff, under the award, that they might, if they found the facts alleged to exist, find for him the entire land under the sale made upon a cost bill which issued pending the appeal in the case of Haltman vs. Nusby, yet, notwithstanding that charge was erroneous, it did not prejudice the right of the appellant.

There is no error in the judgment, and it is affirmed.